```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

MARCO SHAUNTA RAINE,                :

    Petitioner,                 :
                                              CIVIL ACTION 12-0100-WS-M
v.                                  :
                                CRIMINAL ACTION 07-00405-WS-M
UNITED STATES OF AMERICA,           :

    Respondent.                 :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 71). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 71) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Marco Shaunta Raine. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Raine was indicted on December 26, 2007 for attempting to commit bank fraud in violation of 18 U.S.C. § 1344 (count one) and possession of a counterfeit security check in violation of 18 U.S.C. § 513(a) (count two) (Doc. 1).  On February 19, 2008, Defendant pled guilty to both counts; United States District Court Judge Steele found Raine guilty of the charges (Doc. 18).  On June 13, 2008, Judge Steele sentenced Petitioner to thirty months on each count, to be served concurrently with each other and consecutive to the twenty-four month sentence imposed in *USA v. Raine*, 06-00045-WS (S.D. Ala. June 13, 2008); in addition to the sentences, Raine was sentenced to five years of supervised release, following his release from prison, on count one and three years on count two, to be served concurrently, and an assessment of two hundred dollars (Doc. 44; *see also* Doc. 48).  Judgment was entered on the docket of the Court on July 10, 2008 (Doc. 48).  Petitioner did not appeal his convictions or sentences (Doc. 71, p. 3).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on February 8, 2012 in which he raised a single claim:  he was illegally sentenced because one of his prior state convictions has since been vacated (Doc. 71).  Respondent filed a response on March 1, 2012 (Doc. 73) to which Petitioner replied (Doc. 77).  Pursuant to

2

Court Order, Petitioner filed an additional pleading (Doc. 79) to which the Government has replied (Doc. 83).

Respondent initially stated that this action was not subject to be dismissed under the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) because Raine filed his Motion within one year after the vacation of his state court sentence (Doc. 73, p. 4 n.2) (*citing* 28 U.S.C. § 2255(f)(4) ("The limitations period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence")). Respondent subsequently suggested that this action could be dismissed as time-barred under AEDPA as Raine did not exercise due diligence in pursuing the vacation of the State claim (Doc. 83, p. 4 n.2) (*citing Johnson v. United States*, 544 U.S. 295 (2005)). Though initially considering this option[1] (*see* Doc. 78), the Court will not now follow this path in reaching a determination in this matter.

In bringing this action, Raine claims that the length of

---

[1] Nevertheless, the Court is inclined to agree with Respondent on this point. Raine signed his initial pleading to get his State court conviction vacated on September 2, 2009 (Doc. 79, p. 22), nearly fourteen months after the judgment in this action was entered (Doc. 48). Though there is no bright line test for how much time is too long for *Johnson*'s "due diligence" requirement (Doc. 83, p. 4 n.2), AEDPA has a one-year limitations period, 28 U.S.C. § 2255(f), a period of time this Court finds useful for considering the issue. In any event, the Court notes that Petitioner has not demonstrated due

3

his sentence was based on a prior state court conviction that has since been vacated, resulting in a sentence that is now too long (Doc. 71, p. 4).  Petitioner has produced a copy of the order, entered on September 15, 2011, in which a Circuit Court Judge in Jackson County, Mississippi, decreed that Raine's felony bad check conviction was vacated (Doc. 71, Attachment A).  Raine asserts that with this vacation, his re-sentencing should be for a shorter period of time.

As support for his argument (Doc. 77), Petitioner points to *United States v. Walker*, 198 F.3d 811, 814 (11th Cir. 1999).  *Walker* concerned a criminal defendant sentenced under the Armed Career Criminal Act (hereinafter *ACCA*) who, in a § 2255 action, got his federal sentence reduced after successfully having one of the state court convictions, on which his original sentence had been based, vacated.  The Court finds, however, that *Walker* is inapplicable here as Raine was not sentenced under the ACCA, an enhancement provision.  *See Johnson*, 544 U.S. at 303-08.[2]

The Government has responded by asserting that Raine's claim is not constitutional and, as such, is not cognizable on collateral review (Doc. 73, pp. 1-4; Doc. 83, pp. 7-12).  The Court notes that "nonconstitutional claims can be raised on

---

diligence in seeking to have his state court conviction vacated.
    [2]*Johnson* expanded the reasoning of two prior decision, *Custis v. United States*, 511 U.S. 485 (1994) and *Daniels v. United States*, 532

4

collateral review only when the alleged error constitutes a '"fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."'" *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (*quoting Reed v. Farley,* 512 U.S. 339, 348, (1994) (*quoting Hill v. United States,* 368 U.S. 424, 428 (1962)) (alteration in original)).

In this action, Raine's claim concerns the calculation of criminal history points.  With the vacation of the State conviction, Respondent acknowledges that the criminal history points would be lower and the criminal history category under which he would be sentenced would also be lower, leading to a lower sentencing range (*see* Doc. 83, pp. 1-2).[3]  However, this change in circumstance does not rise to a constitutional or statutory challenge as Petitioner was sentenced under advisory sentencing guidelines; the guidelines are not statutory.  *See Gilbert v. United States*, 640 F.3d 1293, 1307 (11th Cir. 2011) (*en banc*) (*citations omitted*).

The Court also notes that Raine's sentence was well below the maximum sentence that could have been imposed against him. Specifically, as noted in the sentencing report, the maximum

---

U.S. 374 (2001), both ACCA cases).
[3]Respondent has also pointed out, however, that if resentencing were to take place, new convictions could be considered which might

5

sentence Petitioner could have received for attempting to commit bank fraud (count one) was thirty years imprisonment while the maximum sentence for possession of a counterfeit security check (count two) was ten years (Doc. 21, p. 19).

The Government has pointed to *Ayuso v. United States*, 361 Fed.Appx. 988 (11th Cir. 2010), as being instructive. In *Ayuso*, the claimant filed a § 2255 action in an attempt to get resentenced after getting a state court criminal conviction, which had been used to enhance his federal sentence, vacated.[4] The Eleventh Circuit Court of Appeals held that Ayuso's claim was not constitutional and did not arise to the level of a miscarriage of justice, making it not cognizable under § 2255, before determining that the claim was also of no merit.

As in *Ayuso*, Raine has raised neither a constitutional claim nor a statutory challenge in bringing this action. Furthermore, Petitioner has made no showing of a miscarriage of justice as he was sentenced well below the sentence that he could have received for the charges to which he pled guilt. Therefore, the Court finds that Raine has not brought a claim

---

result in a longer sentence for Raine (*see* Doc. 83, pp. 2-3).
    [4]More specifically, "Ayuso assert[ed] that the court erred in determining that a previous state offense, for which the state court withheld adjudication after Ayuso pled *nolo contendere*, warranted a criminal history point" under the Sentencing Guidelines. *Ayuso*, 361 Fed.Appx. at 989.  Ayuso argued that the error deprived him of a lower sentence under the safety-valve provision. *Id.*

recognized under § 2255.

Petitioner has raised a single claim in this petition; that claim is without merit.  Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Marco Shaunta Raine.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Inasmuch as the Court has found that Raine has failed to assert sufficient facts to

support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  It is suggested that Petitioner will not be able to make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing

      a "Statement of Objection to Magistrate Judge's
      Recommendation" within ten days after being served
      with a copy of the recommendation, unless a different
      time is established by order.  The statement of
      objection shall specify those portions of the
      recommendation to which objection is made and the
      basis for the objection.  The objecting party shall
      submit to the district judge, at the time of filing
      the objection, a brief setting forth the party's
      arguments that the magistrate judge's recommendation
      should be reviewed <u>de</u> <u>novo</u> and a different disposition
      made.  It is insufficient to submit only a copy of the
      original brief submitted to the magistrate judge,
      although a copy of the original brief may be submitted
      or referred to and incorporated into the brief in
      support of the objection.  Failure to submit a brief
      in support of the objection may be deemed an
      abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 25th day of October, 2012.


                              <u>s/BERT W. MILLING, JR.</u>
                              UNITED STATES MAGISTRATE JUDGE