IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCO SHAUNTA RAINE, | * |
| Petitioner, | * |
| vs. | * CIVIL ACTION NO. 13-0147-WS-B |
| | * CRIMINAL NO. 07-00405-WS-B |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

### Report and Recommendation

Pending before this court is Marco Shaunta Raine's second petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2255 (Doc. 88) and the Government's Motion to Dismiss (Doc. 90). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 cases. The undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Upon consideration, it is recommended that the Governments Motion to Dismiss (Doc. 90) be granted, that Raine's petition (Doc. 88) be dismissed, and that the Court find that he is not entitled to a certificate of appealibility, and consequently, is not entitled to appeal *in forma pauperis*.

Raine was indicted on December 26, 2007 for bank fraud in violation of 18 U.S.C. § 1344 (count one) and possession of a counterfeit security check in violation of 18 U.S.C. § 513(a) (count two). (Doc. 1). On February 19, 2008, Raine pled guilty to both counts

before United States District Court Judge William Steele. (Doc. 18). On June 13, 2008, Judge Steele sentenced Raine to thirty months on each count, to be served concurrently with each other and consecutive to the twenty-four month sentence imposed in the case styled USA v. Raine, 06-00045-WS (S.D. Ala. June 13, 2008)[1]. Judgment was entered on July 10, 2008. (Doc. 48). Raine did not appeal his conviction or sentence. (Doc. 71, p. 3). Subsequently, on February 8, 2012, Raine filed his initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Raine sought to attack his sentence in the instant case on the ground that he was illegally sentenced because one of his prior state convictions has been vacated. (Doc. 71). The Court found that Raine's claim was without merit, and dismissed the petition. (Docs. 85, 86, 87).

On March 15, 2013[2], Raine filed the instant habeas petition. In his petition, Raine claims ineffective assistance of counsel based on new Supreme Court precedent, namely Sester v. United States, 132 S. Ct. 1463, 182 L. Ed. 2d 455 (2012). (Doc. 88). On April 23, 2013, the Government filed a Motion to Dismiss Raine's petition. The Government contends that this Court lacks subject matter jurisdiction

---

[1] In addition to prison sentences, Raine was sentenced to five years

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

to address Raine's petition because he has not sought and obtained prior authorization by the circuit court. (Doc. 90). The Court agrees.

The Court observes that "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). A petitioner must seek and obtain this certification "[b]efore a second or successive application. . .is filed in the district court." 28 U.S.C. § 2244(b)(3)(A). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and he motion should be dismissed." <u>Lazo v. United States</u>, 314 F.3d 571, 574 (11th Cir. 2002), <u>vacated on other grounds sub nom.</u> <u>Gonzalez v. Sec'y for the Dep't of Corr.</u>, 326 F.3d 1175 (11th Cir. 2003), <u>superseding opinion</u>, 366 F.3d 1253 (11th Cir. 2004)(en banc); <u>See also</u> <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir, 2007)(per curiam); <u>Allen v. United States</u>, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012).

In his petition, Raine argues that the United States Supreme Court's recent decision in <u>Sester v. United States</u>, *supra* entitles him to relief from the sentences imposed in this case. (Doc. 88). Raine's reliance on the <u>Sester</u> decision is misplaced because absent permission from the Eleventh Circuit authorizing Raine to file a

3

successive petition, this court lacks jurisdiction to address his petition. See Lazo, 314 F.3d at 574; Fredriksen v. United States, 2013 U.S. Dist. LEXIS 127458 (S.D. Ala. August 2, 2013); Allen v. United States, 2012 U.S. Dist. LEXIS 73734 (S.D. Ala. April 6, 2012). Raine does not allege and the record does not establish that he sought and obtained permission from the Eleventh Circuit before filing the instant successive petition; thus, this Court is required to dismiss his petition.

Accordingly, it is recommended that Raine's petition be dismissed, and that judgment be entered in favor of the Respondent, the United States, and against Petitioner Marco Shaunta Raine.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Raine's petition does not warrant the issuance of a Certificate

5

of Appealability.  As Raine did not seek permission from the Eleventh Circuit before filing his successive petition, reasonable jurists could not debate whether his petition should be resolved in a different manner or deserves to proceed further.  It is thus recommended that the Court deny any request for a Certificate of Appealability.

## **CONCLUSION**

For the foregoing reasons, it is recommended that Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 88) be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner, Marco Shaunta Raine.  It is further recommended that the Court find that Raine is not entitled to a certificate of appealibility, and consequently, is not entitled to appeal *in forma pauperis*.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where

the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **October, 2013.**

                                                       **/s/ SONJA F. BIVINS**
                                         **UNITED STATES MAGISTRATE JUDGE**